UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY OCCHIONERO,

Plaintiff,

v.

RICHARD SALINAS,

Defendant.

No. 1:16-cv-00311-DAD-SAB

ORDER DENYING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AND MOTION FOR A MORE DEFINITE STATEMENT; GRANTING MOTION TO STRIKE

(Doc. No. 9)

This matter came before the court on defendant's motion to dismiss plaintiff's first amended complaint for failure to state a claim, motion for a more definite statement, and motion to strike portions of the first amended complaint. (Doc. No. 9.) A hearing on these motions was held on May 17, 2016. Attorney Joseph D. Rubin appeared on behalf of defendant. Attorney Bryan C. Leighton appeared on behalf of plaintiff. The court has considered the parties' briefs and oral arguments, and for the reasons set forth below, denies defendant's motion to dismiss and motion for a more definite statement, and grants defendant's motion to strike.

/////

/////

/////

## BACKGROUND

### A. Factual Background

This action arises from defendant's declaration allegedly submitted in support of an inspection and abatement warrant and execution thereof. According to his first amended complaint, plaintiff Gregory Occhionero operated a storage facility, owned by his parents, for recyclable material in the City of Fresno. (Doc. No. 7 ¶¶ 5–6.) Pursuant to a revised site plan approved by the city's planning commission in October 2011, plaintiff was subject to several requirements relating to the operation of and storage of materials at his storage facility site. (*Id.* ¶¶ 6–11.)

1. <u>The Inspection and Abatement Warrant</u>

On December 5, 2013, defendant Richard Salinas, a specialist with the city's code enforcement division, submitted a declaration in support of a request for an inspection and abatement warrant to the Fresno County Superior Court. Therein, defendant allegedly stated that materials were improperly stored in violation of the revised site plan and also made false statements about the condition of materials stored at the site. (*Id.* ¶¶ 14–15.) That same day, the state court issued the inspection and abatement warrant, authorizing defendant

> [t]o enter and (1) inspect the premises of the Subject Property including an area enclosed by a locked fence; (2) abate the conditions constituting the violations listed above, including removal of any rubbish or junk located throughout the property; and (3) situate and store the commodities currently on the Subject Property that do not comply with the approved Site Plans S-96-76 and S-11-057 in a similar manner as they are stored on the Subject Project including, but not limited to, containers and bins for a period of up to ninety days.

(*Id.* ¶¶ 12, 16.)

From December 16 to 18, 2013, defendant Salinas, and others under his supervision, executed the inspection and abatement warrant. Defendant removed over seventy percent of the material located on plaintiff's property. Defendant and others also allegedly transported and stored the materials in a manner that rendered them useless for recycling purposes. (*Id.* ¶¶ 17–18.)

/////

2. <u>The August 2014 Mandamus Action</u>

On August 15, 2014, plaintiff and his parents filed a state court petition for mandamus relief, pursuant to California Code of Civil Procedure §§ 1094.5 and 1094.6, against the City of Fresno ("City") and its planning commission. (Doc. No. 9-3.) Petitioners challenged the planning commission's procedures and actions taken thereunder regarding their storage facility. (*Id.* at 1.) Specifically, petitioners challenged two notices issued by the City: (1) an October 24, 2013 notice and order stating that materials stored on the property were out of compliance with the applicable site plan, and (2) a January 2, 2014 notice seeking costs of the abatement of materials from the property during the December 16–18, 2013 period. (*Id.* at 2–4.) Petitioners asserted that the December 5, 2013 inspection and abatement warrant amounted to a general warrant prohibited by the Fourth Amendment. (*Id.* at 17–18.) Regarding the December 5, 2013 inspection and abatement warrant, petitioners alleged that the warrant issued by the state court was drafted by the City, and that the City failed to comply with the court's order in executing the warrant. (*Id.*)

On August 7, 2015, the state court issued an order granting in part the mandamus petition. Regarding petitioners' Fourth Amendment cause of action, however, the state court declined to grant relief and noted "petitioners never raised this issue before the hearing officer" when they appealed the City's notices to the City's hearing officer. (Doc. No. 9-6 at 53–54.)

**B. Procedural Background**

Plaintiff commenced this action in state court on December 17, 2015. (*See* Doc. No. 1-1.) On March 7, 2016, defendant removed the action to this court. (Doc. No. 1.) On March 29, 2016, plaintiff filed a first amended complaint alleging two claims against defendant Salinas pursuant to 42 U.S.C. § 1983. (Doc. No. 7.) First, plaintiff alleges defendant Salinas violated the Fourth Amendment in making false statements to secure the inspection and abatement warrant from the state court. Second, plaintiff alleges defendant Salinas violated the Fourth Amendment

/////

/////

/////

in failing to properly execute the state court warrant.[1] On April 11, 2016, defendant filed the instant motions to dismiss, for a more definite statement, and to strike the first amended complaint. (Doc. No. 9.) On April 29, 2016, plaintiff filed his opposition. (Doc. No. 10.) On May 9, 2016, defendant filed his reply. (Doc. No. 11.)

## DISCUSSION

### A. Judicial Notice

As an initial matter, the court grants defendant's request for judicial notice of state court records. *See* Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001) (on a motion to dismiss, court may consider matters of public record); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (on a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings). Accordingly, as discussed further below, the court will take judicial notice of Exhibits A and G to defendant's request (Doc. Nos. 9-3; 9-6 at 39–59) as the only documents relevant and necessary to this court's resolution of the pending motions.

### B. Motion to Dismiss on Preclusion, Comity, and Abatement Grounds

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[1] In each claim, plaintiff alleges a violation of § 1983 under both the Fourth and Fourteenth Amendments. As plaintiff admits in his opposition, his claims under the Fourth Amendment are not separate from those under the Fourteenth Amendment; rather, the rights he asserts under the Fourth Amendment are made applicable to the states by the Fourteenth Amendment. (Doc. No. 10 at 7.) While reference to the Fourteenth Amendment in this regard is not necessary, it is also not improper. *See Duncan v. Louisiana*, 391 U.S. 145, 147–48 (1968).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). It is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

1. Preclusion

Defendant argues that both claim preclusion and issue preclusion serve to bar plaintiff from bringing his § 1983 claims under the Fourth Amendment.

"The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). By statute, a state's judicial proceedings "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738. The federal court must look to the preclusion law of the state in which the judgment was rendered in order to decide whether preclusion applies in the federal action. *Marrese*, 470 U.S. at 380; *see also Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009). Therefore, the court looks to California law concerning whether issue preclusion applies in this case.

Under California law, res judicata, or claim preclusion, bars a second lawsuit between the same parties on the same cause of action. *People v. Barragan*, 32 Cal. 4th 236, 252 (2004); *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896 (2002). Collateral estoppel, or issue preclusion, bars the relitigation of issues that were actually litigated and determined in the first

action. *Barragan*, 32 Cal. 4th at 252–53; *Lucido v. Superior Court*, 51 Cal. 3d 335, 341 (1990). The elements for applying either claim preclusion or issue preclusion to a second action are the same: "(1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." *Barragan*, 32 Cal. 4th at 253.

California law also provides that a final judgment of a state court "precludes further proceedings if they are based on the same cause of action." *Maldonado v. Harris*, 370 F.3d 945, 952 (9th Cir. 2004). Unlike the federal courts, which apply a "transactional nucleus of facts" test, "California courts employ the 'primary rights' theory to determine what constitutes the same cause of action for claim preclusion purposes." *Id.* Under this theory, "a cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty." *City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 762 (9th Cir. 2003) (citing *Citizens for Open Access to Sand & Tide, Inc. v. Seadrift Ass'n*, 60 Cal. App. 4th 1053, 1065 (1998)). "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1174 (1983). So long as the same primary right is involved in the two actions, judgment in the first bars subsequent consideration of all matters that were raised or could have been raised in the first action. *Id.* at 1175.

Here, defendant contends that plaintiff raises the same primary right in this action as he did in his first action before the state court. Indeed, plaintiff alleges the same harm in the present case as in the prior one. In the state mandamus action, plaintiff alleged that the City drafted the inspection and abatement warrant, which the state court granted, but subsequently failed to comply with the terms of the warrant. Plaintiff's primary right being asserted was the right to be free from unreasonable searches and seizures under the Fourth Amendment—the same right being asserted here. Similarly, plaintiff inferred a corresponding duty of the City (and here,

defendant) not to wrongfully deprive plaintiff of this right. Finally, plaintiff alleges that both the City in the prior action and the defendant here acted to deprive him of his rights in a similar manner. Therefore, the court finds plaintiff is asserting the same primary right in both suits.

However, defendant fails to establish that the prior proceeding resulted in a final judgment on the merits as to plaintiff's Fourth Amendment cause of action. In the prior mandamus proceeding, the state court concluded,

> Petitioners cite to no legal authority in support of their contention that the warrant violated their constitutional rights. Furthermore, petitioners never raised this issue before the hearing officer. The issue has therefore been waived on mandamus. Accordingly, the motion is denied as to [petitioners' Fourth Amendment cause of action].

(Doc. No. 9-6 at 53–54) (citations omitted). In denying relief as to petitioners' Fourth Amendment cause of action, the state court plainly avoided addressing the merits of that claim as well as the allegations that supported it. Instead, the court observed that the allegations were being raised for the first time on review of a hearing officer's findings. Because the state court declined to reach the merits of plaintiff's allegations and claim, plaintiff cannot be precluded from raising the same issue or claim here. *See* 7 Witkin, California Procedure, Judgment § 343 (5th ed. 2008) ("[Claim preclusion] only protects a final determination of the controversy on the merits of the claims and defenses. If the judgment is on procedural or other grounds unrelated to the merits, it is not res judicata.").

2. Comity and Abatement

Alternatively, defendant argues that principles of comity and abatement favor dismissal of plaintiff's claims in this action because his appeal of the state court's judgment in the prior mandamus proceedings is pending. (Doc. No. 9-1 at 14–15.) The court is not persuaded by this argument.

First, defendant urges the court to dismiss this action under the "first-to-file" rule and a similar state court rule, known as a rule of abatement, discouraging the filing of parallel actions in multiple state courts. (*Id.* (citing *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982) and Cal. Civ. Proc. Code § 430.10).) That rule, however, does not require dismissal of

federal proceedings because the first suit was filed in state court, as is the case here. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.") (citation and internal quotations omitted); *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015) ("The first-to-file rule allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed *in another district court*.") (emphasis added).

Second, defendant requests this court dismiss plaintiff's claims under the *Colorado River* doctrine. However, that doctrine is a limited one:

> *Colorado River* does not say that every time it is possible for a state court to obviate the need for federal review by deciding factual issues in a particular way, the federal court should abstain. As the Supreme Court has observed, such a holding would "make a mockery of the rule that only exceptional circumstances justify a federal court's refusal to decide a case in deference to the States." Rather, *Colorado River* stands for the proposition that when Congress has passed a law expressing a preference for unified state adjudication, courts should respect that preference.

*United States v. Morros*, 268 F.3d 695, 706-07 (9th Cir. 2001). Here, there is no preference or local interest in state courts adjudication of plaintiff's Fourth Amendment claims. Moreover, a district court's obligation to exercise its jurisdiction

> is particularly weighty when those seeking a hearing in federal court are asserting, as the appellants are here, their right to relief under 42 U.S.C. § 1983. Under such circumstances conflicting results, piecemeal litigation, and some duplication of judicial effort is the unavoidable price of preserving access to the federal relief which section 1983 assures.

*Tovar v. Billmeyer*, 609 F.2d 1291, 1293 (9th Cir. 1979). *See also Pue v. Sillas*, 632 F.2d 74, 77 n.4 (9th Cir. 1980); *Unverferth v. Liberty Union High School Dist.*, No. C-15-1721 EMC, 2015 WL 5012931, at *3 (N.D. Cal. Aug. 24, 2015); *Hudson v. Bigney*, No.2:11-cv-3052 LKK AC P, 2012 WL 6203055, at *3 (E.D. Cal. Dec. 12, 2012). Thus, the *Colorado River* doctrine does not support defendant's motion to dismiss.

/////

Even if this court were to dismiss or stay this action, it is unclear whether the state court cause of action purportedly on appeal would ultimately be resolved on the merits. As noted above, the state court denied the petitioners relief with respect to his Fourth Amendment claim on waiver grounds. Thus, an appeal of the mandamus action would presumably address this procedural issue but would not necessarily result in examination of the merits of that Fourth Amendment cause of action.

Accordingly, defendant's motion to dismiss on preclusion, comity, and abatement grounds is denied.

**C. Motion for a More Definite Statement**

Federal Rule of Civil Procedure 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e). *See also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."); *C.B. v. Sonora Sch. Dist.*, 691 F. Supp. 2d 1170, 1190–91 (E.D. Cal. 2010) ("A Rule 12(e) motion is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted, i.e., so vague that the defendant cannot begin to frame a response."). A court should deny a motion for a more definite statement "if the complaint is specific enough to notify [a] defendant of the substance of the claim being asserted" or "if the detail sought by a motion for more definite statement is obtainable through discovery." *C.B.*, 691 F. Supp. 2d at 1191. A Rule 12(e) motion "is likely to be denied where the substance of the claim has been alleged, even though some of the details are omitted." *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005). This liberal pleading standard is consistent with Federal Rule of Civil

/////

Procedure 8(a), which only requires pleadings contain a "short and plain statement of the claim." *Id.*

As noted, defendant moves for a more definite statement. (*See* Doc. No. 9-1 at 15.) Apart from this request, however, defendant fails to identify any specific portions of the first amended complaint which are vague or ambiguous. Having reviewed the first amended complaint, the court finds the pleading alleges facts with sufficient specificity to put defendant on notice of the substance of his claims. Defendant's motion for a more definite statement is therefore denied.

**D. Motion to Dismiss or Strike Plaintiff's "New" Claims**

Finally, defendant argues that paragraphs 24 and 32 of plaintiff's first amended complaint state a new claim under the Fourth Amendment based on defendant's testimony before the City's planning commission. For several reasons, defendant argues plaintiff fails to state a cognizable claim separate from the claim relating to the acquisition and execution of the inspection and abatement warrant. (*See* Doc. No. 9-1 at 6–12.) Alternatively, defendant requests the court strike these paragraphs of the first amended complaint. (*Id.* at 15.) In opposition and at the hearing, plaintiff has clarified he is not seeking relief under a separate theory based on defendant's testimony to the planning commission. (Doc. No. 10 at 7.) Plaintiff further agrees that these objected-to paragraphs may be stricken from his first amended complaint. (*Id.*) Accordingly, the court grants defendant's motion to strike and denies defendant's motion to dismiss with respect to these paragraphs as having been rendered moot.

**CONCLUSION**

For the reasons set forth above,

1. Defendant's motion to dismiss (Doc. No. 9) is denied;
2. Defendant's motion for a more definite statement (Doc. No. 9) is denied;
3. Defendant's motion to strike (Doc. No. 9) is granted; and
4. Paragraphs 24 and 32 of plaintiff's first amended complaint (Doc. No. 7) are stricken.

IT IS SO ORDERED.

Dated: **June 23, 2016**

UNITED STATES DISTRICT JUDGE